Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ISMAEL LÓPEZ ROMÁN, ALUAYA MOREY OCASIO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS<br><br>Parte Peticionaria<br><br>v.<br><br>MARITZA RIVERA NIEVES, PRIME FITNESS CORP. Y LA SUCESIÓN DE JULIO IVÁN ORTIZ MONTOYO<br><br>Parte Recurrida | TA2026CE00193 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso número: AR2023CV00175<br><br>Sala: 401<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparecen ante *nos* Ismael López Román (López Román) y Aluaya Morey Ocasio (Morey Ocasio) (en conjunto, los peticionarios) y nos solicitan que revisemos una *Resolución* emitida y notificada el 29 de diciembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Arecibo. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria* que presentaron los peticionarios.

Por los fundamentos antes expuestos, se *deniega* la expedición del auto de *certiorari*.

**I.**

Surge del expediente ante *nos* que, el 31 de enero de 2023, los peticionarios incoaron una *Demanda* sobre incumplimiento de contrato y división de sociedad, en contra de Maritza Rivera Nieves (Rivera Nieves), Prime Fitness Corp. (Prime Fitness) y la Sucesión de Julio Iván Ortiz Montoyo (Ortiz Montoyo) (en conjunto, los

recurridos). En síntesis, alegaron que los recurridos operan un gimnasio en el cual ostentan el 50% de su participación. Sostuvieron que, la participación restante en el negocio pertenecía a Ortiz Montoyo y que al este fallecer recayó en su Sucesión. Indicaron que, Rivera Nieves ha realizado cambios en la corporación y que han sido excluidos de su participación. Por lo cual, solicitaron que se ordene la liquidación de Prime Fitness, que se les entregue el 50% de las acciones de dicha corporación y que se le paguen los ingresos a López Román en una suma no menor a $60,000.00. Además, solicitaron que se les pague por el uso exclusivo y la privación de la propiedad una suma no menor de $15,000.00, que se le devuelvan los equipos retenidos y daños contractuales por $15,000.00.

Posteriormente, el 16 de abril de 2023, Prime Fitness presentó una *Contestación a la Demanda*. Acentuó que, López Román era un contratista de la corporación y que no tenía participación alguna en el negocio. Asimismo, afirmó, mediante la *Reconvención*, que López Román ha incurrido en conductas que han lacerado la imagen de la corporación; por lo cual, solicitó una compensación en daños.

Luego, el 12 de junio de 2023, Rivera Nieves presentó una *Contestación a Demanda y Reconvención*. En esta, negó las alegaciones de la *Demanda*. Arguyó que, el gimnasio en controversia es una corporación y que ella y Ortiz Montoyo eran sus únicos accionistas. Esgrimió, además, que López Román se desempeñó únicamente como contratista independiente. El 2 de junio de 2023, los peticionarios presentaron una *Moción en Cumplimiento de Orden Contestación a Reconvención*.

Así las cosas, el 12 de mayo de 2025, la parte peticionaria presentó una *Moción en Solicitud de Sentencia Sumaria*. En ajustada síntesis, alegaron que no existe controversia de hechos materiales ni de derecho que amerite un juicio plenario, por lo cual, solicitaron que se dictara sentencia sumaria a su favor y se desestimara la

*Reconvención.* Así pues, señalaron que los recurridos los han despojado de su propiedad, se han enriquecido injustamente, le han privado del derecho a administrar y operar a Prime Fitness y les han causado daños.

El 4 de agosto de 2025, Rivera Nieves presentó una *Oposición a Sentencia Sumaria.* A grandes rasgos, manifestó que no procedía dictar sentencia sumaria, pues existían hechos materiales en controversia que requieren una evaluación mediante una vista evidenciaria. Entretanto, el 4 de agosto de 2025, Prime Fitness presentó una *Moción en Oposición a Sentencia Sumaria [...].* Expresó que, la solicitud de sentencia sumaria de la parte peticionaria está plagada de incongruencias, carece de sustancia y es una contumaz, frívola y temeraria. Así, adujo que los peticionarios traen en su solicitud hechos que no se sustentan con ninguna prueba y que es objeto de evaluación en cuanto a credibilidad. Agregó que, los aspectos de credibilidad tienen que ser adjudicados en una vista evidenciaria.

Subsiguientemente, el 5 de agosto de 2025, la parte peticionaria presentó una *Moción Réplica a las Oposiciones [...].* En vista de ello, el 29 de diciembre de 2025, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria* que presentó la parte peticionaria. Razonó el foro primario que, la sentencia sumaria mantiene hechos materiales en controversia que impiden la disposición sumaria del caso.

En desacuerdo, el 13 de enero de 2026, la parte peticionaria presentó una *Solicitud de Reconsideración.* En igual fecha, Rivera Nieves presentó una *Moción en Reconsideración Para Solicitar Determinaciones de Hechos Esenciales [...].* El 27 de enero de 2026, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* ambas solicitudes de reconsideración.

Inconforme, el 18 de febrero de 2026, la parte peticionaria compareció ante *nos* mediante un recurso de *certiorari* y alegó la comisión de los siguientes errores:

**PRIMER ERROR:**

Cometió error el Tribunal de Primera Instancia al no aplicar correctamente el estándar de la Regla 36 al reducir más de cien (107) hechos materiales propuestos a solo cuarenta y cuatro (44), omitiendo adjudicar hechos sustanciales que no fueron controvertidos conforme a derecho.

**SEGUNDO ERROR:**

Cometió error el Tribunal de Primera Instancia al no desestimar la reconvención, pese a que la parte reconveniente no presentó evidencia admisible capaz de crear controversia real y sustancial de hechos materiales, en violación directa de la Regla 36.3(c) de Procedimiento Civil y la jurisprudencia interpretativa.

**TERCER ERROR:**

Cometió error el Tribunal de Primera Instancia al no dictar sentencia sumaria parcial sobre responsabilidad y al no limitar el procedimiento ulterior exclusivamente a la determinación de daños, conforme autoriza expresamente la Regla 36.4 de Procedimiento Civil.

Examinado el recurso de epígrafe, el 23 de febrero de 2026, emitimos una *Resolución* mediante la cual concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Luego de varios trámites procesales, el 19 de abril de 2026, Prime Fitness presentó un *Certiorari Alegato de la Demandada*. A su vez, ese mismo día, Rivera Nieves presentó un *Alegato Parte Recurrida [...].* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos*

*Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor

dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559

(2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*. Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### B. Sentencia sumaria

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Cruz Cruz y otros v. Casa Bella Corp.*, 213 DPR 980 (2024); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023). Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. *Oriental Bank v. Caballero García*, 212 DPR 671 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021). Según ha resuelto nuestro Tribunal Supremo, un hecho material es aquel que puede alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable. *Cruz Cruz y otros v. Casa Bella Corp., supra*.

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rodríguez Méndez v. Laser Eye et al.*, 195 DPR 769 (2016). Por tanto,

quien promueva la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Oriental Bank v. Caballero García, supra.* Así, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo y otros v. Depto. Hacienda y otros, supra*; *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020).

Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo y otros v. Depto. Hacienda y otros, supra*; Regla 36.3 de Procedimiento Civil, *supra*. Así pues, resulta esencial que de la prueba que acompaña la solicitud de sentencia sumaria surja de manera preponderante que no existe controversia sobre los hechos medulares del caso. *Cruz Cruz y otros v. Casa Bella Corp., supra.*

Así, para sostener u oponerse a una petición de sentencia sumaria las partes podrán presentar, entre otras, las siguientes piezas de evidencia: certificaciones, documentos públicos, admisiones de la parte contraria, deposiciones, contestaciones a interrogatorios, declaraciones juradas o affidavits, y hasta prueba oral. *Acevedo y otros v. Depto. Hacienda y otros, supra,* citando a R.

Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 318. Nuestro máximo Foro ha sido enfático en que, cuando una parte acompaña su solicitud u oposición de sentencia sumaria de una o varias declaraciones juradas, estas deben cumplir con las disposiciones especiales pautadas en la Regla 36.5 de Procedimiento Civil (32 LPRA Ap. V). *Acevedo y otros v. Depto. Hacienda y otros*, *supra.*

A esos efectos, se requiere que las declaraciones juradas demuestren afirmativamente el conocimiento personal y la calificación del testigo, también se requiere que se presenten únicamente hechos admisibles como evidencia en un juicio. Hernández Colón, *op. cit.* pág. 319. Por consiguiente, cuando la solicitud de sentencia sumaria está apoyada en una o varias declaraciones juradas, dicha prueba no podrá contener solo conclusiones sin hechos específicos que las sustenten. *Acevedo y otros v. Depto. Hacienda y otros*, *supra.* Lo anterior, serían meras conclusiones reiterando las alegaciones de la demanda y, por tanto, prueba insuficiente y sin valor probatorio. *Íd.* citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. I, págs. 615-616.

El Tribunal Supremo de Puerto Rico ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo y otros v. Depto. Hacienda y otros*, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra.* Ahora bien, nuestro máximo Foro ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios

documentos que se acompañan con la moción una controversia real sobre algún hecho material, o (4) como cuestión de derecho no procede. *Acevedo y otros v. Depto. Hacienda y otros, supra*. Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Vera v. Dr. Bravo*, 161 DPR 308 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Cruz Cruz y otros v. Casa Bella Corp., supra*. Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*; *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Ramos Pérez v. Univisión*, 178 DPR 200 (2010); *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994). Sin embargo, nada impide que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge la inexistencia de controversia en torno a los hechos materiales. *Cruz Cruz y otros v. Casa Bella Corp., supra*.

Por otra parte, la Regla 36.4 de ´Procedimiento Civil (32 LPRA Ap. V), establece que:

> [s]i en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. Véase, además, *Negrón Castro v. Soler Bernardini y otros*, 2025 TSPR 96, 216 DPR __ (2025).

Ahora bien, puntualizamos que al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de

Procedimiento Civil. *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010 (2020). Según ha establecido el Tribunal Supremo, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. *González Meléndez v. Mun. San Juan et al., supra.* Así pues, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. *Íd.* Véase, además, *Cruz Cruz y otros v. Casa Bella Corp., supra.*

**III.**

En sus señalamientos de error, la parte peticionaria cuestiona la *Resolución* emitida por el foro primario, por entender que, el foro *a quo* erró al no aplicar correctamente el estándar de la Regla 36 de Procedimiento Civil, *supra,* a más de cien (100) hechos materiales propuestos a solo cuarenta y cuatro (44) omitiendo adjudicar hechos sustanciales que no fueron controvertidos conforme a derecho. Indicó, además, que cometió error el TPI al no desestimar la *Reconvención,* pese a que la parte reconveniente no presentó evidencia admisible capaz de crear controversia real y sustancial de hechos materiales, en violación directa a la Regla 36.3(c) de Procedimiento Civil, *supra,* y la jurisprudencia interpretativa. Por último, consideró que erró el foro primario al no dictar sentencia sumaria parcial sobre responsabilidad y al no limitar el procedimiento ulterior exclusivamente a la determinación de daños,

conforme autoriza expresamente la Regla 36.4 de Procedimiento Civil, *supra.*

A la luz del marco jurídico enunciado, nuestro ámbito jurisdiccional respecto a la revisión de asuntos interlocutorios en casos civiles está delimitado, en primer lugar, a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra.*

Así pues, luego de evaluar la totalidad del expediente y tras examinar de *novo* la *Moción en Solicitud de Sentencia Sumaria Parcial,* sus oposiciones y la réplica y luego de analizada la totalidad de las circunstancias del caso, es nuestra apreciación que no se configuran ninguno de los criterios que mueva nuestra discreción para la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Por consiguiente, nos abstenemos de intervenir con la *Resolución* recurrida. Esto, por no encontrar indicio alguno de que el foro primario actuó de forma arbitraria, caprichosa, en abuso de su discreción o que cometió algún error de derecho que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de certiorari.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Cintrón Cintrón disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones